CATHERINE CORTEZ MASTO
Attorney General
STEPHEN D. QUINN
Senior Deputy Attorney General
Nevada Bar No. 5746
Bureau of Public Affairs
Public Safety Division
100 N. Carson Street
Carson City, Nevada 89701
Tel: (775) 684-1222
Fax: (775) 684-1275

*Attorneys for Defendant State of Nevada,
Nevada State Board of Massage Therapists.*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| HONGFEN ZHANG, Individually,<br><br>                Plaintiff,<br><br>v.<br><br>STATE OF NEVADA; NEVADA STATE BOARD OF MASSAGE THERAPISTS, a state agency; DOES 1-10, inclusive; and ROE CORPORATIONS 1-10, inclusive,<br><br>                Defendants. | Case No.<br><br>**DEFENDANTS' INDEX OF EXHIBITS TO NOTICE OF REMOVAL** |

    Exhibit A                                                                     Summons

    Exhibit B                                                                     Complaint

C:\Documents and Settings\pksharp\My Documents\Quinn\Cases\Zhang, Hongfen\Exhibit Indexes\Removal.DOC

# EXHIBIT A

# EXHIBIT A

RECEIVED
JAN 1 5 2008
ATTORNEY GENERAL'S OFFICE
LITIGATION - CC

RECEIVED
DEC 2 7 2007
ATTORNEY GENERAL'S OFFICE
LITIGATION - CC

DISTRICT COURT

CLARK COUNTY, NEVADA

HONGFEN ZHANG, )  Case No: A  A551595
) Dept. No:
Plaintiff, )
)
vs. )
)
STATE OF NEVADA; NEVADA STATE )
BOARD OF MASSAGE THERAPISTS, )
)
Defendant. )
)

## SUMMONS

**NOTICE! YOU HAVE BEEN SUED. THE COURT MAY DECIDE AGAINST YOU WITHOUT YOUR BEING HEARD UNLESS YOU RESPOND WITHIN 20 DAYS. READ THE INFORMATION BELOW.**

**TO THE DEFENDANT(S):** A civil complaint has been filed by the Plaintiff(s) against you for the relief set forth in the Complaint.

1. If you intend to defend this lawsuit, within 20 days after this Summons is served on you, exclusive of the date of service, you must do the following:
   a. File with the Clerk of this Court, whose address is shown below, a formal written response to the Complaint in accordance with the rules of this Court, with the appropriate filing fee.
   b. Serve a copy of your response upon the attorney whose name and address is shown below.

2. Unless you respond, your default will be entered upon application of the Plaintiff(s) and this court may enter a judgment against you for the relief demanded in the Complaint, which could result in the taking of money or property or other relief requested in the Complaint.

3. If you intend to seek the advice of an attorney in this matter, you should do so promptly so that your response may be filed on time.

4. The State of Nevada, its political subdivisions, agencies, officers, employees, board members, commission members and legislators, each have 45 days after service of this summons within which to file an answer or other responsive pleading to the Complaint.

Issued at the direction of:

KIRK T. KENNEDY, ESQ.
815 S. Casino Center Blvd.
Las Vegas, NV 89101
(702) 385-5534
Attorney for Plaintiff

CHARLES J. SHORT, CLERK OF COURT

By: _____
Deputy Clerk
200 Lewis Ave.
Las Vegas, NV 89155

Date 11/13/07

# EXHIBIT B

# EXHIBIT B

RECEIVED JAN 1 5 2008 ATTORNEY GENERAL'S OFFICE LITIGATION - CC

FILED Nov 13 8:31 AM '07 CLERK OF THE COURT

RECEIVED DEC 2 7 2007 ATTORNEY GENERAL'S OFFICE LITIGATION - CC

COM
KIRK T. KENNEDY, ESQ.
Nevada Bar No: 5032
815 S. Casino Center Blvd.
Las Vegas, NV 89101
(702) 385-5534
Attorney for Plaintiff

## DISTRICT COURT

## CLARK COUNTY, NEVADA

| | |
|---|---|
| HONGFEN ZHANG, Individually, | Case No: A551595 |
| Plaintiff, | Dept. No: XXII |
| vs. | |
| STATE OF NEVADA; NEVADA STATE BOARD OF MASSAGE THERAPISTS; a state agency; DOES 1-10, inclusive; ROE CORPORATIONS 1-10, inclusive, | |
| Defendants. | |

### COMPLAINT

COMES NOW, the Plaintiff, HONGFEN ZHANG, by and through her undersigned counsel, KIRK T. KENNEDY, ESQ., who files this Complaint against the Defendant and would allege as follows:

1. Plaintiff, HONGFEN ZHANG, is a resident of Clark County, Nevada and did so reside herein during all events complained of in this action.

2. Defendants, STATE OF NEVADA and the NEVADA STATE BOARD OF MASSAGE THERAPISTS, is a Nevada political agency and/or political entity and did so operate and exist herein during all events complained of in this action.

3. Plaintiff is unaware of the true names and capacities of defendants sued herein as Does 1-10 and Roe Corporations 1-10, and will amend his complaint to show their true names and capacities when the same are ascertained. Plaintiff is informed and believes

1

and thereon alleges that each of these fictitiously named defendants is responsible in some manner for the occurrences herein alleged, and that Plaintiff's injuries as herein alleged were proximately caused by the aforementioned defendants. Plaintiff is further informed and believes and thereon alleges that at all times herein mentioned each and every defendant was the agent and employee of the remaining defendants and, in doing the things hereinafter alleged, was acting within the course and scope of such agency and employment. Each defendant, in doing the acts alleged herein, was acting with the consent, permission and authorization of each of the remaining defendants.

4. Both jurisdiction and venue are appropriate as the events given rise to this action occurred in Clark County, Nevada; the Defendants operated in Clark County, Nevada; and the amount in controversy exceeds the jurisdictional minimum of this Court.

5. On or about July, 2007, Plaintiff was granted a restricted massage license, number NVMT-2777, under probationary terms and conditions from the Defendant Nevada State Board of Massage Therapists.

6. Subsequent to the issuance of the probationary, restricted license, Plaintiff alleges that through investigation, the actions of the Defendant Board reveal that certain classes of license applicants receive or have received more favorable treatment than others regarding their license applications and/or outcomes related to revocation hearings.

7. Plaintiff, an Asian female, is a member of a class of Asian females who routinely receive less favorable treatment, consideration and/or conduct than non-Asian applicants/license holders to the Defendant Board for license applications, license related hearings and/or revocation hearings.

8. The Defendant Board routinely decides or rules that Asian applicants/license holders receive more difficult, more stringent and/or more burdensome conditions and/or work restrictions to their licenses, than non-Asian applicants/license holders regarding license applications, license-related hearings and/or revocation hearings.

9. As a direct and proximate result of the above conduct by the Defendants and other

conduct, the Plaintiff has suffered harm and damages according to proof at trial.

## FIRST CLAIM FOR RELIEF
## 42 U.S.C. SECTION 1983

10. Plaintiff realleges, readopts and reincorporates the allegations contained in paragraphs 1 through 9 as though fully set forth herein.

11. The Defendants' acts and omissions complained of herein were done by Defendant, and its agents, while acting under color of law, and said acts and omissions subjected Plaintiff to the deprivation of well established rights secured by the federal constitution and by the statutes of the United States and Nevada, including the rights to both procedural and substantive Due Process and the right to equal protection of the laws under the Equal Protection Clause.

12. The well-established rights referred to in paragraph 11 above were rights which were known or should have been known to any reasonable person, and therefore Defendants are not immune from liability for depriving Plaintiff of said rights. Additionally, the Defendant Board's conduct as referenced in this complaint amounts to bad faith actions/conduct which is not subject to immunity protections under N.R.S.622A et seq; N.R.S. 41.032 et seq. and/or any other Nevada state law immunity protection. Bad faith conduct is excluded from immunity protections for state actors/agencies.

13. The acts and omissions of Defendants complained of herein, except for those done negligently, were done with the intent to deprive Plaintiff of her Equal Protection Clause rights and Due Process related rights against the public policy of the State of Nevada and the United States.

14. Said acts and omissions constituted a conscious failure on the part of Defendants to protect the Plaintiff from harm and the deprivation of the rights referred to in paragraph 11 above.

15. The actions of the Defendants as described above were done pursuant to a custom, practice and/or policy of the Defendants designed and/or intended to cause harm to Plaintiff contrary to state law and the public policy in the State of Nevada in an effort to

cause harm to Plaintiff.

16. As a direct and proximate result of the Defendant's actions, Plaintiff suffered harm and damages in an amount according to proof at trial.

## SECOND CLAIM FOR RELIEF
## NEGLIGENT SUPERVISION

17. Plaintiff realleges, readopts and reincorporates the allegations contained in paragraphs 1 through 16 as though fully set forth herein.

18. Defendants STATE OF NEVADA and NEVADA STATE BOARD OF MASSAGE THERAPISTS are responsible for the supervision and employment of its agents, to insure that said agents performed their duties and functions in accordance with state and federal law.

19. Defendants negligently, willfully, carelessly and recklessly failed to properly supervise its agents related to the conduct referred to in paragraphs 5, 6, 7, 8 and 11 causing harm to Plaintiff.

20. As a direct and proximate result of this negligent supervision by Defendant, Plaintiff suffered harm and damages in an amount according to proof at trial

## THIRD CLAIMS FOR RELIEF
## DECLARATORY RELIEF

21. Plaintiff realleges, readopts and reincorporates the allegations contained in paragraphs 1 through 20 as though fully set forth herein.

22. Plaintiff moves this Court, pursuant to Nevada law, for declaratory relief regarding the actions and conduct of the Board, to declare and/or order that the Board's unequal conduct in the manner it treats, considers and rules upon matters related to Asian applicants and Asian license holders as opposed to non-Asian applicants and license holders violates state and federal law and, further, that such conduct is done in bad faith and not subject to any immunity protections for these State Defendants.

23. Plaintiff seeks such other and further relief as deemed appropriate by the Court related to this claim, including, but not limited to, relief from the Defendants rulings and orders.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against the Defendants as follows:

1. For compensatory damages in an amount according to proof at trial, in excess of $10,000.

2. For special damages in an amount according to proof at trial, in excess of $10,000.

3. For declaratory relief as deemed appropriate.

4. For reasonable attorney's fees incurred herein.

5. For costs of suit and prejudgment interest.

6. For such other and further relief deemed appropriate by this Court.

Dated this 13 day of Nov, 2007

KIRK T. KENNEDY, ESQ.
Nevada Bar No: 5032
815 S. Casino Center Blvd.
Las Vegas, NV 89101
(702) 385-5534
Attorney for Plaintiff

## AFFIRMATION REGARDING SOCIAL SECURITY NUMBERS

I hereby affirm that this document contains no social security numbers.

Dated this 13 day of Nov, 2007.

KIRK T. KENNEDY, ESQ.
Nevada Bar No: 5032
815 S. Casino Center Blvd.
Las Vegas, NV 89101
(702) 385-5534
Attorney for Plaintiff