# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

HONGFEN ZHANG,

    Plaintiff,

v.

STATE OF NEVADA, et al.,

    Defendants.

Case No. 2:08-CV-00075-KJD-LRL

**ORDER**

Currently before the Court is Plaintiff's Motion for Preliminary Injunction (#4), filed January 28, 2008. Defendants filed a Response (#12) on February 20, 2008.

**I. Background**

Plaintiff Hongfen Zhang (Zhang) filed a Complaint in the District Court of Clark County, Nevada, on December 27, 2007, alleging three claims for relief against the State of Nevada, and the Nevada State Board of Massage Therapists (Board), for: (1) acting in bad faith, in violation of 42 U.S.C. 1983; (2) negligent supervision; and (3) declaratory relief. Plaintiff, an Asian female, alleges that the Nevada Board of Massage Therapists discriminated against her based on her ethnicity, and has a practice of discriminating against individuals of Asian ethnicity when issuing massage licenses. Here, Plaintiff alleges that she was discriminated against when the Board issued her a restricted massage license, under probationary terms and conditions, and that a review of the Board decision in

her case, together with other Board decisions, demonstrates that the Board, by practice, favors certain ethnic groups over others. Specifically, Plaintiff alleges that the Board "routinely issues more harsh and/or more severe punishment/conditions upon Asian applicants and license holders than non-Asians." (Pl.'s Mot. for Prelim. Inj. at 2.)

Plaintiff seeks a preliminary injunction, to stay any action by the Board against her. Specifically Plaintiff seeks a stay of her probationary terms and conditions until resolution of this lawsuit, thus allowing her to continue working by using a temporary license without probationary restrictions. (See Pl.'s Mot. for Prelim. Inj. at 5.)

**II. Preliminary Injunction Standard**

A preliminary injunction is appropriate where a plaintiff demonstrates "either: (1) a likelihood of success on the merits and the possibility of irreparable injury; or (2) that serious questions going to the merits were raised and the balance of hardships tips sharply in [his] favor." Clear Channel Outdoor Inc. v. City of Los Angeles, 340 F.3d 810, 813 (9th Cir. 2003) (quoting Walczak v. EPL Prolong, Inc., 198 F.3d 725, 731 (9th Cir. 1999)). A district court must also consider whether the public interest favors issuance of the injunction. See Fund for Animals, Inc. v. Lujan, 962 F.2d 1391, 1400 (9th Cir. 1992); see also, Chisom v. Roemer, 853 F.2d 1186, 1189 (5th Cir. 1988). This alternative test for injunctive relief has also been formulated as follows: a plaintiff is required to establish "(1) a strong likelihood of success on the merits, (2) the possibility of irreparable injury to plaintiff if preliminary relief is not granted, (3) a balance of hardships favoring the plaintiff, and (4) advancement of the public interest (in certain cases)." Johnson v. Cal. State Bd. of Accountancy, 72 F.3d 1427, 1430 (9th Cir. 1995) (internal quotation marks omitted). This analysis creates a continuum: the less certain a district court is of the likelihood of success on the merits, the more plaintiffs must convince the district court that the public interest and balance of hardships tip in their favor. See Fund for Animals, Inc., 962 F.2d at 1400. More specifically, the Ninth Circuit has described the relationship between success on the merits and irreparable harm as "a sliding scale in which the required degree of irreparable harm increases as the probability of success

decreases." Prudential Real Estate Affiliates, Inc. v. PPR Realty, Inc., 204 F.3d 867, 874 (9th Cir. 2000).  To reach this sliding scale analysis, however, a moving party must, at an "irreducible minimum," demonstrate some chance of success on the merits.  Arcamuzi v. Cont'l Air Lines, Inc., 819 F.2d 935, 937 (9th Cir.1987).

**A. Likelihood of Success on the Merits**

Upon review of Plaintiff's Motion for Preliminary Injunction, the Court finds that Plaintiff has failed to demonstrate a likelihood of success on the merits.  Specifically, Plaintiff has failed to present evidence, that when viewed in the light most favorable to the Plaintiff, supports her allegations that Defendants engaged in disparate treatment, denied her equal protection, or engaged in negligent supervision.

Plaintiff's evidence—namely copies of the Board of Massage Therapy meeting minutes for the months of January, March, May, June, July, and August 2007, and various Orders of Probation—fail to demonstrate that the Board made any differentiation of race or national origin when imposing disciplinary action upon applicants and licensees. (Plt.'s Mot. For Prelim. Inj. Ex 1.) The Board's imposition of disciplinary action for prior arrests involving criminal activity appears consistent between persons of Asian and non-Asian ancestry.[1]  In the cases referred to by Plaintiff, the Board's consideration of disciplinary action was based on criminal conduct of applicants or licensees occurring either prior to, or subsequent to the Board's receipt of licensure applications. Where disciplinary action was taken, it consisted of granting a restricted license with probationary conditions, suspension of a previously issued license, or denial of an application or revocation of a license already issued.  In some cases, the Board imposed no disciplinary measures and issued an unrestricted license.

Pursuant to NRS § 640C.150–300, the Nevada State Board of Massage Therapists is charged with the duty of reviewing and evaluating applications for the licencing of massage therapists,

---

[1] Plaintiff provides no proof of race in her Motion for Preliminary Injunction, other than the names of the individuals against whom the Board took disciplinary action and whether those names appear to be Asian or non-Asian.

determining the qualifications and fitness of applicants, issuing, renewing, reinstating, revoking and suspending licenses, investigating complaints, and imposing penalties upon applicants or license holders as it deems appropriate.  Pursuant to NRS § 640C.710 the Board is authorized to impose probation, among other disciplinary measures, after giving the applicant or license holder notice and a hearing regarding his or her case.  Moreover, according to NRS § 640C.700(4) solicitation of prostitution is grounds for discipline.

On July 13, 2007, Plaintiff Hongfen Zhang appeared before the Board for a hearing regarding her November 6, 2006, arrest for solicitation for prostitution.  (Pl.'s Mot. For Prelim. Inj. Ex 1 p. 43–44.)  According to the meeting minutes, after discussion of Plaintiff's case, the board discussed probation and other motions, after which a motion to grant Plaintiff's license was not passed.  A second motion was then made, recommending probationary status wherein Plaintiff must report all employees and independent contractors, must maintain state licensure, must report any infractions with her employees, as well as and any inappropriate behavior, to the Board within 24 hours.  The second motion was then passed by the Board, placing Plaintiff on probationary status.  (Id.)

A review of all meeting minutes and Orders of Probation submitted by Plaintiff demonstrates that during 2007, the Board denied or revoked licenses in twelve cases, ten of which involved charges or arrests involving solicitation of prostitution.  The Board imposed probation in 15 cases, all involving prior arrests for solicitation or improper touching.  The Board granted unrestricted licenses to persons with prior arrests in 10 cases, only three of whom had prior arrests relating to sex offenses, all occurring prior to 2004.  The remaining seven individuals who were granted unrestricted licenses had prior incidents that did not involve sex or prostitution.  Therefore, the Court finds that Plaintiff has failed to present evidence demonstrating that Defendants engaged in disparate treatment.

**B. Irreparable Harm**

The Plaintiff has also failed to demonstrate that she will suffer irreparable harm if she is not granted a preliminary injunction.  The conditions of probation imposed by the Board allow Plaintiff to continue working, only requiring her to do so under approved supervision.  Under the terms of her

probationary restricted massage license, Plaintiff must simply keep the Board informed of her employment, and notify the Board or any criminal activity or infractions she or any of her employees may be involved in. Such restrictions do not constitute irreparable harm, and therefore do not merit injunctive relief.

### C. Balance of Hardships and Public Interest

The Plaintiff has also failed to demonstrate that the balance of hardships tips in her favor. As discussed above, Plaintiff has failed to demonstrate that her probationary conditions will cause her to suffer irreparable harm. On the other hand however, the public interest leans heavily in favor of supporting the Board in its regulation of the massage therapy industry, especially in the imposition of disciplinary action based on prior arrests for solicitation of prostitution. Under NRS § 640C.010, the Nevada State Board of Massage Therapists has a duty to regulate the massage therapy industry, in order to protect the health, welfare, and safety of Nevada residents. A review of the evidence here demonstrates that the Board's actions are consistent with its statutory mandate, that Plaintiff, and all others for whom disciplinary action was contemplated or imposed during 2007, received notice and a hearing, and were treated in a consistent manner.

### III. Conclusion

For the reasons listed above, the Court finds that Plaintiff has failed to meet the standard for imposing injunctive relief in this case. Plaintiff has failed to demonstrate a likelihood of success on the merits, has failed to show that she will suffer irreparable injury without injunctive relief, and has failed to demonstrate that the balance of hardships or public interest leans in her favor.

Therefore, **IT IS HEREBY ORDERED** that Plaintiffs' Motion for Preliminary Injunction (#4) is **DENIED**.

DATED this 9th day of June, 2008.

_____
Kent J. Dawson
United States District Judge