# EXHIBIT A

# EXHIBIT A

CATHERINE CORTEZ MASTO
Attorney General
STEPHEN D. QUINN
Senior Deputy Attorney General
Nevada Bar No. 5746
Bureau of Public Affairs
Public Safety Division
100 N. Carson Street
Carson City, Nevada 89701
Tel:  (775) 684-1222
Fax: (775) 684-1275

*Attorneys for Defendants State of Nevada and*
*Nevada State Board of Massage Therapists.*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| HONGFEN ZHANG, Individually, | 2:08-cv-00075-KJD-LRL |
| Plaintiff, | |
| vs. | DECLARATION OF LISA COOPER |
| STATE OF NEVADA, et al, | |
| Defendants. | |

I, Lisa Cooper, the person undersigned, make this declaration in support of the motion for summary judgment prepared by the defendants in the above-captioned matter.  The statements and declarations below are made upon my own personal knowledge, except to the extent indicated to be upon information and belief.  If called to testify, I would testify consistent with the statements and declarations below.

     1.     I am the Executive Director of the Nevada State Board of Massage Therapists (the Board).

     2.     In my aforesaid capacity as Executive Director, I am custodian of records of the records kept by the Board, including the minutes of the meetings of the Board, and the records of the Board's licensing and disciplinary actions.

     3.     The document identified as Exhibit A attached to the motion for summary

1 | judgment prepared by Defendants herein is a true, correct and complete photo copy of the

2 | minutes of the Board's July 13, 2007 meeting, except for the header indicating the copy was

3 | previously filed in this action as Document 12-3 on February 20, 2008, and further except for

4 | the page numbers (38 through 46 inclusive) in the lower right hand corner of the document.

5 |     4.    The matter indicated in Exhibit A as Application Review "j", beginning on page 6

6 | of the aforesaid minutes (page number 43 in the lower right had corner), reflects the Board's

7 | consideration of the application for license of Zhang Hongfen, who I believe is Plaintiff

8 | Hongfen Zhang (Ms. Zhang) in the above-captioned matter.  Ms. Zhang was one of many

9 | who engaged in the massage therapy business before the Legislature's enactment of Chapter

10 | 640C, who applied for licensure afterwards.  Board Member Reagan Alexander informed the

11 | Board about Ms. Zhang's history of arrest for solicitation of sex and that four arrests had

12 | occurred at the business she owned and operated, while she was present.  The minutes

13 | reflect that Ms. Zhang did not dispute the asserted facts regarding her history of criminal

14 | activity.  After a discussion, one member moved to grant Ms. Zhang a license with no

15 | restrictions, but that motion did not receive a second and was rejected.  Another member then

16 | moved to grant Ms. Zhang a license upon condition she be placed on probation for two years

17 | and that motion passed.

18 |     5.    The document identified as Exhibit B attached to the motion for summary

19 | judgment prepared by Defendants herein is a true, correct and complete photo copy of the

20 | Board's March 4, 2008, Complaint and Notice of Hearing against and directed to Plaintiff.

21 | Said Complaint alleges that on December 12, 2007, while on probation and operating

22 | pursuant to the restricted license issued in July 2007, Plaintiff solicited sex and was arrested

23 | for solicitation of prostitution during the course of practicing massage therapy while working at

24 | China Gardens, the business she owned and operated.  The Complaint alleges Plaintiff

25 | engaged in conduct that subjected her to discipline by the Board including revocation of her

26 | license.  NRS 640C.710.

27 |     6.    The document identified as Exhibit C attached to the motion for summary

28 | judgment prepared by Defendants herein is a true, correct and complete photo copy of

Office of the
Attorney General
100 N. Carson St.
Carson City, NV 89701

1   Plaintiff's voluntary surrender of license in lieu of other disciplinary action dated April 8, 2008,

2   which signature thereon is believed to be the signature of Plaintiff.  The text of the aforesaid

3   voluntary surrender document contains Plaintiff's admission of a history of arrest for

4   solicitation of prostitution at the time that the Board granted her a restricted license and

5   placed her on two years' probation in July 2007.  The text of said voluntary surrender

6   document further contains Plaintiff's admission that she was arrested for solicitation of

7   prostitution while working as a massage therapist at China Garden in December 2007, as

8   alleged in the aforementioned Board's disciplinary complaint.  Pursuant to said voluntary

9   surrender document, Plaintiff admitted she was arrested for solicitation of prostitution, which

10  could be grounds for discipline, which discipline could include revocation of her license, and,

11  apparently accordingly, Plaintiff voluntarily surrendered her license effective May 1, 2008.

12      7.      Plaintiff has not submitted an application for a license since surrendering her

13  license and is not now licensed to engage in massage therapy in Nevada.

14      I declare under penalty of perjury that the foregoing is true and correct.

15      Executed on this __3__ day of June, 2009.

16

17                          _Lisa Cooper_____
                                     Lisa Cooper
18

19

20

21

22

23

24

C:\Documents and Settings\sdquinn\My Documents\SDQUINN\ZHANG\PLEADINGS\DECLARATION OF EX DIR.doc

25

26

27

28

# EXHIBIT "A"



**STATE OF NEVADA**
**Nevada State Board of Massage**
**Therapy**
**1755 E. Plumb Lane Suite 252**
**Reno, NV 89502**
**Minutes**
**July 13, 2007**

*Governor Jim*
*Gibbons*

| BOARD MEMBERS | *BOARD MEMBERS:* |
|---|---|
| Reagan Alexander* | Paula Spradling* |
| Karen Sartell* | Michelle Viesselman* |
| Billie Shea* | Deborah Wenig* |
| Joe Cracraft* | Linda White* |
| | *Present |

*LOCATION:*
Nevada Department of Justice
Office of The Attorney General
100 North Carson Street
Carson City, Nevada

*VIDEO CONFERENCE LOCATION:*
Grant Sawyer State Office Building
Attorney General Conference Room 4500
555 E. Washington Ave.
Las Vegas, Nevada

1. Roll call/Introduction of Board Members
   All Board Members were present.

2. Consideration and Approval of Agenda and its Posting
   **Motion:** Michelle Viesselman
   **Seconded:** Joe Cracraft
   **Motion carried**

3. Discussion/Approval on Board Minutes – May 18, 2007
   **Motion:** Michelle Viesselman-Approval of the board minutes.
   **Seconded:** Joe Cracraft
   **Motion carried**

4. Discussion and possible vote of election of officers 07-08
   Billie Shea stated they are actively looking for replacements for the board members who are leaving. Billie Shea stated the board currently does not have applicants on file. The position has been posted on the Governor's website and the applications should be filled out on the website and sent to the Governor's office. They are looking for professional massage therapists who live in Las Vegas. Lisa Cooper stated she received a letter for Michelle Viesselman request for 2nd term. Reagan Alexander announced he will be retiring later this year from the police dept and announced his resignation to the board. Reagan Alexander expressed it was a pleasure to work with

Page 2

the board. Officer Stacy Rodd will take over Reagan Alexander's last two year term with the board. Stacy Rodd stated he is looking forward to working with everybody.

5. Discussion and possible decision for board members responsibilities pertaining to policy, procedures, and administrative functions.

Lisa Cooper stated per the last board meeting for administrative procedure for new license application wanted to know whether to give Executive Director the authority to work through some of the applications without bringing them to the board. Keith Marcher stated in general, we cannot revoke someone's license without a hearing. We can designate Lisa Cooper to get an application, look at it, and enter some negotiated settlement agreement with regard to probation and try and save some time. We would still need to bring the probation agreement to the board, not necessarily the applicant. Lisa Cooper stated the basis for this is the domestic violence applications received in the office and there are 45 applications that still need to come before the board, not including the hearings. Several board members discussed what procedure the board members would be comfortable with for the future.

**Motion:** Joe Cracraft- Motioned to table the discussion for the next meeting.
**Seconded:** Michelle Viesselman
**Motion carried**

6. Regulation and Rulemaking Training September 6 or September 11

Lisa Cooper stated this is training from the Attorney General's office. If board members want to attend they can or Lisa Cooper stated she can sign the board members up. Billie Shea asked how this training will help us. Lisa Cooper stated this training will help us in writing our NAC's.

7. Financial Report Year to Date

Billie Shea stated we licensed about 2700 grandfather licenses. Billie Shea stated she wanted to thank Lisa Cooper for the great job she was doing. Lisa Cooper stated everything financially looks good.
**Motion:** Joe Cracraft-Approval of financial report.
**Second:** Michelle Viesselman
**Motion carried**

8. Signed lease for office space in Las Vegas The Vista Group at 101 Convention Center Dr. Suite 830.

Lisa Cooper stated we have our office in Las Vegas at the 101 Convention Center location. Lisa Cooper stated we signed the lease, have keys, and expect to have our staff around the 18 or 20th, once we get our telephones and internet capabilities set up. Billie Shea asked what business will be done at this office. Lisa Cooper stated most of the work that will be done in office will be hands on with the public in Las Vegas and she anticipates a high volume of foot traffic with the public, City, County, and Metro.

Page 3

Billie Shea requested if anyone had a public comment. Bucky Buchanan asked what the procedure is dealing with records that are sealed and dismissed. Billie Shea stated this is public comment only and she is not able to discuss that with him at this time and advise he can call legal counsel or we can look up the NRS and discuss it later. Keith Marcher stated Bucky Buchanan can call him next week to talk about it

9. Application Review
   a. Licenses approved and authorized by the chair

Lisa Cooper stated her office processed 1183 licenses for a two month period and 833 of those were done in the month of June and they are still current. Lisa Cooper thanked all of her staff for all of their help for processing and completing all of the grandfather applications. Lisa Cooper stated we got our first renewal and were sending out notices within the 60 day window and are receiving them back in a timely manner. Lisa Cooper said NRS states we have to notify applicants 60 days prior to the expiration of their license.
**Motion:** Michelle Viesselman-Approval of licenses
**Seconded:** Karen Sartell
**Motion carried**

   b. Review application of Joseph Pagano for approval, denial or other administrative action pursuant to NRS 640C.400.

Joseph Pagano present. Joseph Pagano spent 15 years as a chiropractor felt he was not getting the results he wanted and started looking into soft tissue massage. Mr. Pagano proceeded to talk about his studies in massage and the results his getting in clients and that he wants to specialize in both fields of chiropractic and massage. Mr. Pagano spoke about his current licenses, professional status, and education. Mr. Pagano stated he did not take massage therapy courses but spent 4 to 5 years studying Shiatsu, but courses were not taken. Several board members suggested to Mr. Pagano that he enroll into a massage therapy program. Mr. Pagano stated he was not sure if he had the time for school. Michelle Viesselman suggested Mr. Pagano to go the Chiropractic Board for his practice or to meet our statutory regulations first before entering into a practice in massage.
**Motion:** Michelle Viesselman-Deny license due to not meeting the statutory requirements
**Seconded:** Joe Cracraft
**Motion carried**

   c. Review application of Xiao Hong Wang for approval, denial or other administrative action pursuant to NRS 640C.700.

Xiao Hong Wang present. Interpreter-Kim Chee Jin. Attorney-Bucky Buchanan. Billie Shea asked when Xiao Hon Wang was arrested. Bucky Buchanan stated if a record is sealed, the applicant should not have to state when they were arrested. Keith Marcer stated if the record is sealed she should have answered no. Bucky Buchanan states Ms.Wang's arrests have been dismissed and she

Page 4

had no convictions.  Reagan Alexander stated the board is separate from the County and each applicant will be handled individually and the applicant disclosed that she was arrested and that makes it allowable for the board to research the case.  Keith Marcher states since it has been disclosed, the board can find out what happened regarding the arrest. Several board members proceeded to ask Xiao Hong Wang questions about the arrest.
**Motion:** Deborah Wenig-Approval of grandfather license
**Seconded:**  Michelle Viesselman
**Motion carried**

d. Review application of Lei Song for approval, denial or other administrative action pursuant to NRS 640C.700.

Lei Song present. Attorney-Eva Wu. Character Witness-Yun. Billie Shea asked questions about the arrests. Attorney Eva Wu stated the arrest on June 20, 2002 was for solicitation of prostitution and was amended to jaywalking, no other arrests. Ms. Song stated she has been the owner of Lucky Massage for the last seven years. Reagan Alexander asked Ms. Song about allegations of the arrest. Attorney Eva Wu stated the applicant could not speak English very well and did not understand what the charges were. Attorney Eva Wu stated Ms. Song has been licensed since 1997 in California, since 1999 in Vegas, and was a licensed physician in China. Billie Shea mentioned that Ms. Song did not disclose was where the violation happened and there no employment history documented. Deborah Wenig asked if the license was in good standing, Lisa Cooper stated yes. Lisa Cooper mentioned Lucky Massage is on the probation list. Reagan Alexander stated for the last 24 months there has not been documented enforcement action at the establishment Lucky Massage, but we should still look at the arrest and establishment as red flags.
**Motion:** Michelle Viesselman- Approval to grant the license under the condition that she will not supervise anyone on a temporary or probationary license for a period of two years.
**Seconded:** Deborah Wenig
**Motion carried**

e. Review application of Ying Luo for approval, denial or other administrative action pursuant NRS 640C.700.

Ying Luo present.  Attorney-Michael Stein. Interpreter-Waimei Borgel. Attorney Michael Stein made opening statement. Ying Luo is currently employed at Fantasy Massage. Reagan Alexander stated applicant was arrested on 8/1/06 for solicitation of prostitution and unlawful touching and was convicted on 3/16/07. Ms. Luo had posted a $210.00 appeal bond to be heard on 10/5/07 and is appealing that conviction. The second arrest on 1/18/07 for the same offense is pending in the District Attorney office and hasn't been dismissed yet.  Ms. Lou's license was revoked due to her conviction and was issued a work card and later that was revoked. Several board members proceeded to ask questions on the establishment, arrests, and comments were made.
**Motion:** Michelle Viesselman- Deny license based on NRS 640C .700 (4)

Contact Lisa Cooper at (775) 688-1888

**41**

Page 5

and NRS 640C.700 (9)
**Seconded:** Paula Spradling
**1 oppose:** Deborah Wenig
**Motion carried**

NRS 640C .700 (4) and (9):
4. Has engaged in or solicited sexual activity during the course of practicing massage on a person, with or without the consent of the person, including, without limitation, if the applicant or holder of the license:
(a) Made sexual advances toward the person
(b) Requested sexual favors from the person; or
(c) Massaged, touched or applied any instrument to the breasts of the person, unless the person has signed a written consent form provided by the Board

9. Has, in the judgment of the Board, engaged in unethical or unprofessional conduct as it relates to the practice of massage therapy.

f. Review application of Qin Fen Yang for approval, denial or other administrative action pursuant to NRS 640C.700.
Qin Fen Yang present. Interpreter- Waimei Borgel. Qin Fen Yang currently is employed at New Hong Kong Massage. Reagan Alexander stated she was arrested on 12/16/06 for solicitation for prostitution and was it was dismissed on 12/27/07; no other arrests or convictions were on record. Several board members proceeded to ask Qin Fen Yang questions on Yang's education on in-room massage procedures.
**Motion:** Karen Sartell-Standard 2 year probation (sample terms below) based on NRS 640C .700 (9):
**Seconded:** Paula Spradling
**Motion carried**

NRS 640C .700 (9):
9. Has, in the judgment of the Board, engaged in unethical or unprofessional conduct as it relates to the practice of massage therapy.

g. Review application of Leping Stepp for approval, denial or other administrative action pursuant to NRS 640C.700.
Leping Stepp present. Attorney-Matthew Pawlowski. Assistant and Interpreter- Michael Ling
Billie Shea removed herself from the room due to her riding along during the arrest. Reagan Alexander states Ms. Stepp has a pending arrest on 3/27/07, which is scheduled for a non-jury trial on 8/21/07. The prior arrest on 1/19/00 for non-display of her work card was dismissed. Leping Stepp is currently the owner of the Chinese Massage and has been licensed since 10/6/99. Several board members proceeded to comment about pending jury trial.
**Motion:** Joe Cracraft- Motioned to table until a decision is made in court.
(9/16 board meeting)

Contact Lisa Cooper at (775) 688-1888

**42**

Page 6

**Seconded:** Paula Spradling
**Motion carried**

h. Review application of Qin Feng for approval, denial or other administrative action
pursuant to NRS 640C.700.

Qin Feng present. Interpreter Gin Ping Jia. Reagan Alexander stated there are
no arrests or convictions on her records including the actual arrest she disclosed
on her application. Ms. Feng has a petition to seal her records. Qin Feng is
currently employed at Nature Care Massage. Qin Feng was previous employed
at Ocean Spa; the establishment is no longer in business. Several board
members proceeded to ask Qin Feng questions in room procedures. Billie Shea
stated Ms. Feng was previously employed at 3 questionable establishments and
suggests probation.
**Motion:** Paula Spradling- Standard 2 year probation (sample terms below)
based on NRS 640C .700 (9):
(Ms. Feng will only be allowed to work at specific establishments and any
change of address must be notified within 15 days.)
**Seconded:** Michelle Viesselman
**Motion carried**
NRS 640C .700 (9):
9. Has, in the judgment of the Board, engaged in unethical or unprofessional
conduct as it relates to the practice of massage therapy.

i. Review application of Run H. Hou for approval, denial or other administrative action
pursuant to NRS 640C.700.

Run H. Hou present. Interpreter-Raymond Lam. Run H. Hou is currently
employed at Magic Massage. Interpreter Raymond Lam read a written
statement by Ms. Hou. Reagan Alexander stated her arrest solicitation of
prostitution was on 5/13/04 and it was dismissed on 11/3/04 and Ms. Hou had
her record sealed on 11/3/05. Reagan Alexander asked is Ms. Feng a United
States citizen. Interpreter stated yes, she became a United States citizen in
2005.
**Motion:** Deborah Wenig-Motioned to grant license.
**Seconded:** Joe Cracraft
**Motion carried**

j. Review application of Zhang Hongfen for approval, denial or other administrative
action pursuant to NRS 640C.700.

Zhang Hongfen present with her husband, Ferris Razzak as an Interpreter.
Zhang Hongfen is currently employed and owner of China Garden Massage (24
hour business) and was previously employed at Asian Star.  Billie Shea
proceeded to ask questions about Ms. Hongfen's business. Reagan Alexander
stated the arrest was on 11/9/06 for solicitation for prostitution and was
dismissed on 3/8/07. There were four arrests since the business opened and all
four arrests, Ms. Hongfen was present at the establishment. Reagan Alexander
asked Ms. Hongfen if attended the AIDS awareness class the court mandated

Page 7

her to go to. Ms. Hongfen confirmed yes. There was more discussion among the board members on probation and motions.
**Motion:** Deborah Wenig-Motioned to grant license.
**Seconded:** None
**Motion:** Motion Failed
**Second Motion:** Linda White-2 year probation term. Ms. Hongfen must report all employees, independent contractors to staff, and must maintain state licensure. Ms. Hongfen must report any infractions with her employees to the board and any inappropriate behavior must be reported to the staff of the board within 24 hours.
**Seconded:** Deborah Wenig
**Motion carried**

k. Review application of Karen R. Mabe for approval, denial or other administrative action pursuant to NRS 640C.700.
Karen R. Mabe-Not present
**Motion:** Karen Sartell- Approval to table the review application
**Seconded:** Joe Cracraft
**Motion carried**

l. Review application of Xiaoling Tong for approval, denial or other administrative action pursuant to NRS 640C.700.
Xiaoling Tong-Not present
**Motion:** Michelle Viesselman-Approval to table the review application
**Seconded:** Joe Cracraft
**Motion carried**

10. Public Comments
R. J. Perwein (Carson City, NV) addressed the board, indicating there is a lot of language barrier and asked how we will educate the massage industry as a whole. Billie Shea thanked Mr. Perwein for his comment and moved on.

11. Disciplinary Hearings NRS 640C
a. Jian Quin Lu – (2:00 pm)
Keith Marcher stated there was a settlement agreement for Ms. Lu. The assigned agreement was a 90 day suspension of license, followed by 1 year probation, and a $1000.00 cost of fees.
**Motion:** Deborah Wenig
**Seconded:** Michelle Viesselman
**Motion carried**

12. Future agenda items
Lisa Cooper stated she was setting up a schedule for working on NAC's every six months and any NAC's that anybody wants to write to let her know. For examples draping, ethics codes, etc. Lisa Cooper will set an agenda for this.

Contact Lisa Cooper at (775) 688-1888

**44**

Page 8

Joe Cracraft asked if we have a test to for our new applicants to introduce them on NRS and NAC's?  Lisa Cooper states we will work on that.

13. Adjournment
**Motion:** Joe Cracraft motioned to adjourn
**Seconded:** Michelle Viesselman
**Motion carried**

SAMPLE PROBATION TERMS

1.  All contact with law enforcement must be reported within 48 hours to The Board.

Contact Lisa Cooper at (775) 688-1888

**45**

Page 9

2. No outcall service.

3. Must notify The Board of any change in employment.

4. Not to take employment with any establishment owned by _____

5. Complete 6 hours of ethics education within 90 days

6. Current Criminal history submitted with renewal for period of _____ to _____

7. Adequate supervision while at work: Supervisor must be fully licensed as a Massage Therapist with the Nevada State Board of Massage Therapists.

8. Any change in address must be submitted to The Board office within 15 days.

9. Any inappropriate behavior from a client during a massage must be met with the following statement "This massage is now over" and leave the room.

_____

_____

Contact Lisa Cooper at (775) 688-1888

# EXHIBIT "B"

BEFORE THE NEVADA STATE BOARD OF MASSAGE THERAPISTS

| | | |
|---|---|---|
| In the Matter of | ) | Case No. NVMT-C-0801 |
| | ) | |
| HONGFEN ZHANG | ) | COMPLAINT AND NOTICE |
| Licensed Massage Therapist, | ) | OF HEARING |
| License No. 2777, | ) | |
| | ) | |
| Respondent. | ) | |

Attorney General's Office
100 N. Carson Street
Carson City, Nevada 89701-4717

The Nevada State Board of Massage Therapists (Board), by and through counsel, Catherine Cortez Masto, Attorney General of the State of Nevada, and Keith D. Marcher, Senior Deputy Attorney General, hereby notifies Respondent, Hongfen Zhang, of an administrative hearing, which is to be held pursuant to Chapters 233B, 622, 622A and 640C of the Nevada Revised Statutes. The purpose of the hearing is to consider the allegations stated below and to determine if the Respondent should be subject to an administrative penalty as set forth in NRS 640C.710, if the stated allegations are proven at the hearing by the evidence presented.

Respondent, Hongfen Zhang, is currently and at the times mentioned herein, licensed as a massage therapist in the State of Nevada and is, therefore, subject to the jurisdiction of the Board and the provisions of NRS Chapter 640C.

IT IS HEREBY ALLEGED AND CHARGED AS FOLLOWS:

I.

On or about December 12, 2007, Respondent was employed and/or working in the capacity of a licensed massage therapist at China Garden in Las Vegas, Nevada.

II.

On or about December 12, 2007, while on shift at China Garden, Respondent solicited sexual activity during the course of practicing massage on a police officer. The Respondent also failed to properly drape the officer during the massage and/or touched his genitals.

III.

On or about December 12, 2007, based on the events described above in paragraph II,

-1-

1  Respondent was arrested for solicitation of prostitution.

2  IV.

3  On or about July 20, 2007, Respondent was placed on probation (restricted licensure)

4  for a Minimum Period of two (2) years; based on a citation related to the practice of massage

5  therapy and an arrest for solicitation of prostitution.

6  V.

7  The foregoing conduct constitutes grounds for disciplinary action pursuant to NRS

8  640C.700(4), has engaged in or solicited sexual activity during the course of practicing

9  massage on a person, with or without consent of the person, including, without limitation, if the

10  applicant or holder of the license (a) made sexual advances toward the person and/or NRS

11  640C.700(9) has, in the judgment of the Board, engaged in unethical or unprofessional

12  conduct as it relates to the practice of massage therapy.

13  Based on the foregoing:

14  PLEASE TAKE NOTICE that a disciplinary hearing has been set to consider this

15  Administrative Complaint against the above-named Respondent in accordance with Chapters

16  233B, 622, 622A and 640C of the Nevada Revised Statutes.

17  THE HEARING WILL TAKE PLACE on **Friday, April 11, 2008, commencing at 3:00**

18  **p.m.**, or as soon thereafter as the Board is able to hear the matter, at the **Grant Sawyer**

19  **Building, 555 East Washington Avenue, Room 4401, Las Vegas, Nevada 89101.** The

20  meeting will be video conferenced to the Nevada Legislature in Carson City, Nevada. This

21  case and other matters are scheduled to be heard by the Board.

22  PURSUANT TO NRS 622A.320, Respondent may, but is not required to, file an answer

23  to this Complaint with the Board.

24  PURSUANT TO NRS 622A.330, Respondent may seek limited discovery from the

25  Board.

26  As the Respondent, you are specifically informed that you have the right to appear and

27  be heard in your defense, either personally or through counsel of your choice. You have the

28  right to respond and to present relevant evidence and argument on all issues involved. You

Attorney General's Office
100 N. Carson Street
Carson City, Nevada 89701-4717

1   have the right to call and examine witnesses, introduce exhibits, and cross-examine opposing

2   witnesses on any matter relevant to the issues involved.

3        You have the right to request that the Board issue subpoenas to compel witnesses to

4   testify and/or evidence to be offered on your behalf.   In making this request, you may be

5   required to demonstrate the relevancy of the witness' testimony and/or evidence.

6        The purpose of the hearing is to determine if the Respondent has violated NRS

7   640C.700(4) and/or (4)(a) and/or (9), and if the allegations contained herein are substantially

8   proven by the evidence presented to further determine what administrative penalty is to be

9   assessed against the Respondent, if any, pursuant to NRS 640C.710.

10       Should the Respondent fail to appear at the hearing, a decision may still be reached by

11  the Board.  As the Respondent, you are further advised that you may be charged with cost

12  associated with the hearing pursuant to NRS 622.400.

13       Pursuant to NRS 233B.121(5), informal disposition of this case may be made by

14  stipulation, agreed settlement, consent order, or default.  Any attempt to negotiate this case

15  should be made through Keith D. Marcher, Senior Deputy Attorney General.

16       Pursuant to NRS 241.033(2)(b), the Nevada State Board of Massage Therapy may,

17  without further notice, take administrative action against your license to practice within the

18  State of Nevada if the Board determines that such administrative action is warranted after

19  considering your character, alleged misconduct, professional competence, or physical or

20  mental health.

21       This document serves to satisfy the notice requirement in NRS 622A.300(3)

22       Dated this **4TH** day of March, 2008.

23                      CATHERINE CORTEZ MASTO
                        Attorney General

25                 By:

26                      KEITH D. MARCHER

27                      Senior Deputy Attorney General
                    100 North Carson Street

28                      Carson City, Nevada 89701-4717
                    (775) 684-1201

Attorney General's Office
100 N. Carson Street
Carson City, Nevada 89701-4717

EXHIBIT "C"

# BEFORE THE NEVADA STATE BOARD OF
# MASSAGE THERAPISTS

In The Matter Of           )

HONGFEN ZHANG,         )
Massage Therapist         )
Nevada License No. 2777,    )

       Respondent.       )

**VOLUNTARY SURRENDER
OF LICENSE IN LIEU OF
OTHER DISCIPLINARY
ACTION**

**CASE NO. NVMT-C-0801**

Attorney General's Office
100 N. Carson Street
Carson City, Nevada 89701-4717

I, Hongfen Zhang, wish to voluntarily surrender my Nevada Massage Therapy License. I voluntarily and knowingly admit the following facts:

1.     I am licensed as a massage therapist in the State of Nevada and I was licensed at the time of the conduct described herein and am, therefore, subject to the jurisdiction of the Board.

2.     That on or about July 20, 2007, I was placed on Probation (RESTRICTED LICENSURE) for a minimum period of two (2) years; based on a citation related to the practice of massage therapy and an arrest for solicitation of prostitution.

3.     That on or about December 12, 2007, while working in the capacity of a licensed massage therapist at China Garden in Las Vegas, Nevada, I was arrested for solicitation of Prostitution for a second time.

4.     I admit these factual allegations can constitute grounds for disciplinary action pursuant to NRS 640C.710 because the conduct may have violated NRS 640C.700(4)(a) and/or (9).

5.     I am aware of, understand, and have been advised of the effect of this Voluntary Surrender.

6.     I have read this Voluntary Surrender and I fully understand and acknowledge its facts and terms.

/ / /

-1-

7.    I am aware that I have certain constitutional rights, including:

a.    I have the right to hire an attorney to represent me in this proceeding;

b.    I have the right to demand a hearing on the charges against me, and I can require the Boards staff to prove the allegations;

c.    I have the right to cross-examine the witnesses against me;

d.    I have the right to call witnesses to provide evidence in my own behalf;

e.    I have other rights accorded to me under Nevada Revised Statutes Chapters 233B, 622, 622A and 640C.

8.    I am aware of the foregoing rights, and I voluntarily, knowingly, and intelligently waive these rights in return for the Board accepting my voluntary surrender of my massage therapist license in lieu of other disciplinary action.

9.    I understand this Voluntary Surrender is considered a disciplinary action and as such will become part of my permanent record.

10.    I understand this Voluntary Surrender is considered public information.

11.    I understand this Voluntary Surrender is considered a disciplinary action and will be reported to any national repository, which records disciplinary action taken against licensees, or any agency or another state, which regulates the practice of Massage Therapy.

12.    I understand this Voluntary Surrender may be used in any subsequent hearings by the Board as evidence against me to establish a pattern of behavior and for the purpose of proving additional acts of misconduct.

13.    This voluntary Surrender shall not be construed as excluding or reducing any criminal or civil penalties or sanctions.

14.    I understand that this surrender is effective on May 1, 2008.

I, Hongfen Zhang, by my signature affixed below, agree with the foregoing facts and representations and therefore choose to voluntarily surrender my License to practice as a massage therapist in Nevada.

///

///

-2-

1    NEVADA STATE BOARD OF MASSAGE THERAPISTS retains jurisdiction in this case

2  until all conditions have been met to the satisfaction of the Board.

3  NEVADA STATE BOARD OF MASSAGE THERAPISTS

4

5

6  Billie Shea, LMT                              Hongfen Zhang
   Board President                       Respondent

7

8                                        4/8/08

9  Date                                  Date

10

11

Attorney General's Office
100 N. Carson Street
Carson City, Nevada 89701-4717

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-3-