# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

HONGFEN ZHANG,

    Plaintiff,

v.

STATE OF NEVADA, et al.,

    Defendants.

Case No. 2:08-CV-0075-KJD-LRL

**ORDER**

Currently before the Court is Defendants State of Nevada ("State") and Nevada State Board of Massage Therapists' ("Board") Motion for Summary Judgment (#28). Plaintiff Hongfen Zhang ("Zhang") filed a Response (#31), to which Defendants filed a Reply (#32).

**I. Background**

Plaintiff Zhang filed her Complaint in state court on December 27, 2007, alleging three claims for relief for: (1) civil rights violations pursuant to 42 U.S.C. § 1983; (2) negligent supervision; and (3) declaratory relief under Nevada law. Defendants removed the case to federal court on January 18, 2008. (#1)

Plaintiff, an Asian female, avers that the Nevada State Board of Massage Therapists affords Asian females less favorable treatment than other non-Asians in its processing of license applications and in its conduct of license revocation hearings. Plaintiff also avers that the State, presumably

through the board, negligently supervised the agents and employees who were responsible for granting Plaintiff her license.

Pursuant to NRS §§ 640C.150 through 640C.400(2)(b)(1) it is the duty and responsibility of the Board, to determine the qualifications and fitness of applicants for licensure, to license qualified applicants, and to impose penalties necessary to carry out its regulatory responsibilities. As part of the process for granting an applicant a license to practice massage therapy, the Board has been legislatively directed to determine whether the applicant has a criminal record. The Nevada legislature has determined that a criminal history of solicitation for sex while practicing, or unprofessional conduct relating to the practice of massage therapy, are grounds for discipline. See NRS 640C.700(4) and (9). Among the penalties listed as discipline for soliciting sex while practicing, or unprofessional conduct relating to the practice of massage therapy, is probation for a specified period of time. NRS 640C.710

On July 13, 2007, the Board considered Plaintiff's application for license. During the course of the Board's consideration of Plaintiff's application, the Board was informed that Plaintiff was a self-employed owner of a massage therapy studio called China Garden Massage, which operates 24 hours a day, and that Plaintiff had been previously employed by the Asian Star massage therapy studio. The Board was then informed that in November 2006, Plaintiff was arrested for solicitation of prostitution while practicing massage therapy, and that since then, four arrests for solicitation had occurred at the China Garden Massage studio while Plaintiff was present. After discussing Plaintiff's application, a Board member moved to grant Plaintiff an unrestricted license, but that motion failed to receive a second. Another motion was then made to grant Plaintiff a license upon the condition that Zhang be placed on two years probation with specific conditions, which motion passed. Subsequently, the Board issued Plaintiff a restricted license under probationary terms and conditions. Plaintiff alleges that she was discriminated against when the Board issued her the restricted massage license, under probationary terms and conditions, and that a review of the Board decision in her case, together with other Board decisions, demonstrates that the Board, by practice,

favors certain ethnic groups over others.  Specifically, Plaintiff alleges that the Board routinely issues more harsh and/or more severe punishment/conditions upon Asian applicants and license holders than non-Asians.

On December 12, 2007, subsequent to filing this case, and while this action was pending, Plaintiff was arrested for solicitation of prostitution in the course of practicing massage therapy while working at the China Garden Massage therapy studio. (Defs.' Mot. for Summ. J. Ex. B; Ex. C.)  On March 4, 2008, the Board initiated disciplinary proceedings against Plaintiff based on her arrest for solicitation of prostitution.  On March 8, 2008, Plaintiff voluntarily surrendered her license to practice massage therapy.  (Id. Ex. C.)

Here, Defendants seek that the Court grant summary judgment in their favor pursuant to Fed R. Civ. P. 56(c) as a matter of law.  Specifically, Defendants aver that Plaintiff's 42 U.S.C. § 1983 claim fails as a matter of law because Section 1983 cannot be used to bring damages claims against a state or against state officials acting in their official capacities.  Additionally, Defendants aver that Plaintiff's claim for declaratory relief fails because Plaintiff cannot demonstrate that she is realistically threatened by a repetition of the alleged unlawful conduct, and that Plaintiff's claim for negligent supervision fails because Plaintiff has failed to aver an underlying negligence claim.

**II. Standard of Law for Summary Judgment**

Summary judgment may be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. See Fed. R. Civ. P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  The moving party bears the initial burden of showing the absence of a genuine issue of material fact. See Celotex, 477 U.S. at 323.  The burden then shifts to the nonmoving party to set forth specific facts demonstrating a genuine factual issue for trial.  See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Fed. R. Civ. P. 56(e).

All justifiable inferences must be viewed in the light must favorable to the nonmoving party. See Matsushita, 475 U.S. at 587. However, the nonmoving party may not rest upon the mere allegations or denials of his or her pleadings, but he or she must produce specific facts, by affidavit or other evidentiary materials provided by Rule 56(e), showing there is a genuine issue for trial. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986). The court need only resolve factual issues of controversy in favor of the non-moving party where the facts specifically averred by that party contradict facts specifically averred by the movant. See Lujan v. Nat'l Wildlife Fed'n., 497 U.S. 871, 888 (1990); see also Anheuser-Busch, Inc. v. Natural Beverage Distribs., 69 F.3d 337, 345 (9th Cir. 1995) (stating that conclusory or speculative testimony is insufficient to raise a genuine issue of fact to defeat summary judgment). "[U]ncorroborated and self-serving testimony," without more, will not create a "genuine issue" of material fact precluding summary judgment. Villiarimo v. Aloha Island Air Inc., 281 F.3d 1054, 1061 (9th Cir. 2002).

Summary judgment shall be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322. Summary judgment shall not be granted if a reasonable jury could return a verdict for the nonmoving party. See Anderson, 477 U.S. at 248.

**III. Discussion**

In her Response to Defendants' Motion, Plaintiff concedes summary judgment against her Section 1983 claim. Rather than conceding summary judgment on her remaining claims however, Plaintiff seeks that the Court decline to exercise supplemental jurisdiction over the remaining claims and dismiss the case without prejudice. Defendants, in opposition, contend that the Court should reject Plaintiff's suggestion to decline supplemental jurisdiction, and grant summary judgment on Plaintiff's remaining claims.

As indicated in Defendants' Petition for Removal, the Court's jurisdiction over this case arises from Plaintiff's claim for relief pursuant to 42 U.S.C. § 1983. However, as stated above,

Plaintiff concedes that summary judgment should be granted for her Section 1983 claim.  Plaintiff's remaining claims arise under state law.

### A. Supplemental Jurisdiction

A district court has discretion to decline to exercise supplemental jurisdiction over a claim if all claims over which it has original jurisdiction have been dismissed.  See 28 U.S.C. § 1367(c). Here, Plaintiff has conceded summary judgment over her sole federal claim.  Upon consideration, and in the interests of judicial economy, the Court declines to exercise supplemental jurisdiction over Plaintiff's remaining state law claims.

28 U.S.C. § 1447 sets forth federal procedures following removal.  Specifically, section 1447 states that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.  Accordingly, because Plaintiff has conceded summary judgment for her Section 1983 claim, and the Court declines to exercise supplemental jurisdiction over Plaintiff's remaining state law claims, Plaintiff's action is hereby remanded to state court.

### IV. Conclusion

Accordingly, **IT IS HEREBY ORDERED** that Defendants State of Nevada, and Nevada State Board of Massage Therapists' Motion for Summary Judgment (#28) is **GRANTED** in part, as to Plaintiff's claim brought under 42 U.S.C. § 1983.

**IT IS FURTHER ORDERED** that Plaintiff's remaining claims are remanded to state court pursuant to 28 U.S.C. 1447(c).

DATED this 19th day of November 2009.

_____
Kent J. Dawson
United States District Judge